# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JOSE GREGORIO GUILLEN-LOZADA,**

    **Petitioner,**

**vs.**                                               **Case No. 4:17cv300-WS/CAS**

**JEFF SESSIONS, et al.,**

    **Respondents.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case on July 5, 2017, by filing what was titled as an "emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241." ECF No. 1. The petition was reviewed and, although it was not deemed to be an emergency, it was deemed sufficient and service was directed. ECF No. 4.

On September 19, 2017, a response was filed by Respondents, asserting that the petition should be denied because "the Venezuelan government has recently issued a travel document for" Petitioner and, thus, "there is a significant likelihood of removal in the reasonably foreseeable future." ECF No. 12 at 1. Attached to the response was a declaration

explaining that on August 181, 2017, a "travel document to facilitate" Petitioner's removal from the United States back to Venezuela had been received. ECF No. 12-1 at 6. Petitioner was "tentatively scheduled fore removal at the end of September 2017." *Id.* An Order was entered providing Petitioner with an opportunity to file a reply. ECF No. 13.

On September 25, 2017, Petitioner, a native and citizen of Venezuela, ECF No. 1 at 2, filed a reply in which he contends that Respondents are using one excuse after another and he will not be removed this month. ECF No. 15 at 2. Petitioner states that his deportation officer told him that he is "not leaving this month maybe next month." *Id.*

On September 28, 2017, Respondents filed a status report. ECF No. 16. That report advises that ICE received a travel document for Petitioner from the Government of Venezuela on August 18, 2017. ECF No. 16-1 at 2. On August 30, 2017, ICE was informed by officials responsible for scheduling flights for the removal of aliens "that Petitioner's removal flight had been scheduled for the end of September 2017." *Id.* However, ICE was subsequently advised that Petitioner's flight was canceled "due to

complications from Hurricane Irma." *Id.* Nevertheless, Petitioner's flight has been "rescheduled for the end of October 2017." *Id.*

**The Petition**

Petitioner's removal order became final on January 8, 2013. ECF No. 1 at 3. After serving a prison sentence, Petitioner was taken into ICE custody on October 31, 2016, and was held for more than six months at the time this petition was filed. He claimed ICE was unable to remove him to Venezuela or any other country, that he had "cooperated fully with all efforts by ICE to remove [him] from the United States," and there was not a significant likelihood that he would be removed in the reasonably foreseeable future. *Id.* at 4-5. Petitioner sought release from his detention pursuant to Zadvydas v. Davis.

**Analysis**

Because Petitioner is not challenging a final order of removal, but only seeking release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), this Court has jurisdiction over this § 2241 habeas petition. In Zadvydas, the Supreme Court considered a challenge to 8 U.S.C. § 1231(a)(6) and the issue of whether indefinite detention of a removable alien was authorized.

Case No. 4:17cv300-WS/CAS

Immigration law directs that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . ." 8 U.S.C. § 1231(a)(1)(A). During that 90 day removal period, "aliens must be held in custody." Zadvydas, 533 U.S. at 683, 121 S. Ct. at 2495 (citing 8 U.S.C. § 1231(a)(2)). After the 90-day removal period, the statute permits the Government "to detain an alien who still remains here or release that alien under supervision." 533 U.S. at 683, 121 S. Ct. at 2495 (citing 8 U.S.C. § 1231(a)(6)). That statute provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may be detained beyond the removal period* and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (emphasis added).

Petitioner was ordered removed from the United States on January 8, 2013, "because he had committed an aggravated felony." ECF No. 12 at 2. He was taken into custody on October 31, 2016, after completing his state court sentence for armed robbery. *Id.* Respondents assert that "ICE has been working diligently since then to remove" Petitioner. *Id.* On August 11, 2017, "ICE received the petitioner's travel document package, which

Case No. 4:17cv300-WS/CAS

required his thumb prints to be sent to the Venezuelan embassy for final signature." *Id.* That travel document package was sent to the embassy on August 14, 2017, and received from the Venezuelan government on August 18, 2017. *Id.*

Petitioner is removable pursuant to 8 U.S.C. § 1227(a)(2). ECF No. 12 at 3. Thus, 8 U.S.C. § 1231(a)(6) permits Petitioner's detention during the presumptively reasonable detention period. However, the Supreme Court made clear in Zadvydas that continued detention of an alien beyond the mandated 90-day removal period is permissible under the Constitution, but only for as long as was "reasonably necessary to bring about that alien's removal from the United States." *Id.*, at 689, 121 S. Ct. at 2498. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.,* at 699, 121 S.Ct. at 2503. For the sake of uniformity, Zadvydas held that "the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722, 160 L.Ed.2d 734 (2005) (quoting Zadvydas, 533 U.S. at

701, 121 S.Ct. at 2505).[1] Accordingly, under Clark and Zadvydas, when an alien shows that he has been held more than six months beyond the removal period and his removal is not reasonably foreseeable, a § 2241 petition should be granted. Clark, 543 U.S. at 386-387, 125 S.Ct. at 727; Benitez v. Wallis, 402 F.3d 1133, 1135 (11th Cir. 2005) (relying on Clark to hold that "an inadmissible alien can no longer be detained beyond the statutory 90-day removal period of § 1231(a)(1), where there was no significant likelihood of removal in the reasonable foreseeable future.").[2]

Zadvydas established a burden-shifting analysis and, after the presumptive six month removal period has expired, an alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701, 121 S.Ct.

---

[1] In Clark, the Court extended its interpretation of 8 U.S.C. § 1231(a)(6) to inadmissible aliens, holding that the period of time reasonably necessary to effect removal should not be any longer for an inadmissible alien than for an admissible alien. Clark, 543 U.S. at 386, 125 S.Ct. at 727. The relevant statute provides: "An alien ordered removed who is inadmissible under section 1182 of this title, removable [for violations of nonimmigrant status or entry conditions, violations of criminal laws, or threatening national security] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." 8 U.S.C. § 1231(a)(6).

[2] An alien must be detained during the "removal period." 8 U.S.C. § 1231(a)(2).

Case No. 4:17cv300-WS/CAS

at 2505.  Thereafter, "the Government must respond with evidence sufficient to rebut that showing."  Id.

In this case, Petitioner met his initial burden under Zadvydas based on his allegations in the petition.  ECF No. 1.  The burden then shifted to Respondents to rebut that showing and demonstrate there *is* a significant likelihood of removal in the reasonably foreseeable future.  Respondents have now shown that Petitioner's removal *is likely*.  ECF No. 14.  A travel document has been received for Petitioner in September and, although his removal has been delayed due to the hurricane, Respondents have shown that Petitioner's removal is significantly likely in October 2017.  Id.  Accordingly, Petitioner is not entitled to the relief requested.  It is recommended that the petition, ECF No. 1, be denied without prejudice.  Should Petitioner not be removed, Petitioner should notify this Court.[3]

**ORDER**

Accordingly, it is **ORDERED:**

---

[3] It would be beneficial for Respondents to file proof of Petitioner's removal, when that occurs.

Case No. 4:17cv300-WS/CAS

1.  The Clerk of Court shall forward a copy of this Order to Petitioner at his address of record, and to the address recently provided by Petitioner as a notice of change of address or contact information, ECF No. 14.[4]

2.  Petitioner may file a motion for reconsideration if he is not removed as asserted by Respondents. He must also file additional notices in the event his address changes due to transfer or release from custody.

**RECOMMENDATION**

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, ECF No. 1, filed by **Jose Gregorio Guillen-Lozada** pursuant to 28 U.S.C. § 2241, be **DENIED** without prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on October 2, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R.**

---

[4] That notice does not demonstrate Petitioner has been released on an order of supervision or transferred. ECF No. 14. It appears that Petitioner is still detained in the Wakulla County Jail. See ECF No. 16 at 2, n.1.

Case No. 4:17cv300-WS/CAS

**Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:17cv300-WS/CAS